## IN THE MATTER OF THE ESTATE OF ORSON PRATT.

### MILANDO PRATT, AND OTHERS, APPELLANTS, v. ARTHUR PRATT AND OTHERS, RESPONDENTS.

ESTATES OF DECEDENTS.—ILLEGITIMATE CHILDREN.—TERRITORIES.— Under the Organic Act of Utah Territory, granting to the Legislative assembly thereof the power to legislate upon all rightful subjects of legislation, the Legislative assembly may enact that illegitimate children and their mothers shall inherit from the father.

STATUTORY CONSTRUCTION.—IMPLIED REPEAL.—A statute enacting that illegitimate children and their mothers inherit from the father is not repealed by the Act of Congress which annuls all acts and parts of acts of the Legislative assembly of Utah Territory which establish, support, maintain, shield, or countenance polygamy.

APPEAL from a judgment of the district court of the third district.

This cause contained the same facts as *Cope's Estate*, *ante,* which was reversed by the case of *Cope* v. *Cope*, 137 U. S. 682, except that the descent cast was after the year 1876, to-wit October 3, 1881.

*Messrs. Bennett, Marshall and Bradley,* for the appellants.

*Mr. Charles S. Varian,* for the respondents.

PER CURIAM.

Orson Pratt died in 1881, intestate, and left a large estate, and many polygamous children, and some legitimate

children as well. The question is as to whether the polygamous children should share in the distribution of the estate. The decree of the district court was that none but the legitimate children should inherit. This decree is reversed, and a decree entered that all of the children acknowledged by him as such in his life-time, or proved to be such by satisfactory evidence, shall share in the distribution of the estate. This decision is made on the authority of the case of *Cope* v. *Cope*, 137 U. S. 682, 11 Sup. Ct. Rep. 222, recently decided by the Supreme Court of the United States.